## MARKIN-BLANTON COMPANY v PHIPPS et

Ohio Appeals, 4th Dist, Lawrence Co

Decided Jan 29, 1932

Messrs. A. R. Johnson, Ironton ,and L. R. Andrews, Ironton, for plaintiff in error.

Messrs. Corn, Jenkins, Hopkins and Collier, Ironton, for defendants in error.

BLOSSER, J.

The plaintiff claims that the financial statement submitted to the purchasers of the stock, containing no reference to the income tax, amounted to a fraud on them even if the sellers had no knowledge of the tax when the statement was given. But the individuals who purchased the stock are not the plaintiffs in this action and are not complaining of the misrepresentations, if any were made. So far as the record discloses they may be well satisfied with their purchase of the stock. The income tax was not the individual debt of the stockholders who were interested in the transaction. The amended petition states that "All taxes referred to were liabilities of The W. A. Murdock Company". It was a corporate liability and not a stockholders' liability.

**10 Ohio Jur., page 595, says:**

"There is no common law liability of a stockholder to the creditors of a corporation beyond the amount contributed to the common fund. In other words, no common law partnership liability exists; the Supreme Court has said, however, that the stockholders of a corporation may be made liable by statute for all debts of the corporation, the same as co-partners, in the absence of a constitutional prohibition. In Ohio there is such a constitutional prohibition: 'In no case shall any stockholder be individually liable otherwise than for unpaid stock owned by him or her'."

To the same effect is the statute, §8623-28 GC.

Even if the sale and purchase of the stock is considered as part of a promotion scheme to consolidate the two constitutent companies into The Markin-Blanton Company afterwards to be formed the debt of the Murdock Company became the debt of the plaintiff company upon consolidation, and there could be no recovery against the shareholders for the debt of the Murdock Company.

The general rule is stated in Corpus Juris as follows:

"A consolidated corporation is answerable for the debts, obligations and liabilities of the constituent corporations, whether arising ex contractu or ex delicto."
14a C. J., page 1072.

The same rule is stated in **7 R. C. L. 181** as follows:

"The constituent corporations can not by consolidation escape the payment of their debts incurred before the consolidation or defeat the rights of other creditors to subject their property to the satisfaction of such debts."

See 15 A. L. R. 1148, note; 30 A. L. R. 560, note.
The general rule prevails in Ohio.

**"On liability of new corporation for debts of constituents.** On the other hand, there seems to be no question but that the new company is liable for the payment of a judgment against one of the constituent companies as a debt of that company, especially in view of the wording of the consolidation provisions of the statute; these debts follow as an incident of the consolidation and become by implication the obligations of the new corporation even in the absence of an agreement to assume them."

**10 Ohio Jur., page 133.**

To the same effect is **Greene v. Woodland Avenue R. R. Co., 62 Oh St, 67, 79.**

This being a court of review we must indulge every presumption in favor of the validity of the conclusion of the trial court. On the question of misrepresentation and fraud in the sale of the stock the trial court may have believed the evidence of Mr. Phipps and Mr. Henderson as to the condition of the business and that the purchasers of the stock knew just what they were buying and that the financial statement exhibited at the time of the negotiations was as claimed by the deefndants. After a consideration of the entire record in this case we are unable to see under what theory the plaintiff corporation can recover from the individual stockholders who sold the stock. We think the lower court was right in finding for the defendants and the judgment is affirmed.

Judgment affirmed.

MAUCK, PJ, and MIDDLETON, J, concur.